CICHEWICZ v SALESIN

Docket No. 312806. Submitted March 12, 2014, at Detroit. Decided June 26, 2014, at 9:05 a.m.

Lori Cichewicz brought a medical malpractice action in the Oakland Circuit Court against Michael S. Salesin, M.D.; Salesin's professional corporation; and Walnut Lake OB/GYN, PLLC, asserting a claim of wrongful conception after she gave birth to a child with Down syndrome. Before plaintiff became pregnant, Salesin had attempted to perform two permanent sterilization procedures at her request; however, he was unable to complete either procedure because her fallopian tubes were blocked, a fact that he confirmed by performing a hysterosalpingogram. After considering plaintiff's history, which included years of unprotected sexual intercourse that did not result in pregnancy, Salesin advised her that she no longer needed to use birth control. Plaintiff alleged that this advice, along with Salesin's assurance that she could not become pregnant and his failure to provide her with an alternative method of birth control, constituted gross negligence. Defendants moved for summary disposition on the ground that plaintiff's claims were barred by MCL 600.2971 because Salesin's alleged conduct was neither intentional nor grossly negligent. The trial court, Rudy J. Nichols, J., denied the motion, ruling that the evidence raised a question of fact regarding whether Salesin's conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury would result. After Walnut Lake OB/GYN was dismissed by stipulation, the remaining defendants applied for leave to appeal, which the Court of Appeals denied. The Supreme Court, in lieu of granting defendants' motion for leave to appeal, remanded the case to the Court of Appeals for consideration as on leave granted.

The Court of Appeals *held*:

1. The trial court correctly concluded that MCL 600.2971 does not prohibit a wrongful-conception claim based on gross negligence for damages related to raising a child to the age of majority. Claims alleging wrongful conception were allowed at common law, and they remain actionable after the enactment of MCL 600.2971. Although MCL 600.2971(3) prohibits a person from bringing a civil action that seeks damages related to the costs of raising the child for a wrongful-

pregnancy or wrongful-conception claim premised on ordinary negligence, MCL 600.2971(4) provides that these damages may be recovered for an intentional or grossly negligent act or omission.

2. The trial court erred by ruling that plaintiff had established a genuine issue of material fact regarding whether Salesin's conduct was grossly negligent. Applying the standard for gross negligence articulated in the governmental tort liability act, MCL 691.1401 *et seq.*, even viewing the facts in the light most favorable to plaintiff and considering all legitimate inferences in her favor, Salesin's conduct was not so reckless as to demonstrate a substantial lack of concern for whether plaintiff would become pregnant.

3. Plaintiff was permitted to seek the recovery of traditional damages for her own injuries through her wrongful-conception claim based on a common-law theory of negligence, and the trial court erred by ruling that MCL 600.2971 prohibits wrongful-conception claims unless the alleged conduct was intentional or grossly negligent. However, defendants' motion for summary disposition was properly denied to the extent it was based on the argument that plaintiff could not seek the recovery of any damages for her wrongful-conception claim.

Affirmed in part, reversed in part, and remanded for further proceedings.

1. ACTIONS — NEGLIGENCE — MEDICAL MALPRACTICE — WRONGFUL CONCEPTION — DAMAGES.

A person may bring a civil action alleging wrongful conception based on gross negligence to recover damages for daily living, medical, educational, or other expenses necessary to raise a child to the age of majority (MCL 600.2971(4)).

2. ACTIONS — NEGLIGENCE — MEDICAL MALPRACTICE — WRONGFUL CONCEPTION — GROSS NEGLIGENCE — STANDARD.

A defendant may be held liable for damages related to the expenses necessary to raise a child to the age of majority in a wrongful-conception action based on gross negligence if the act or omission at issue was so reckless as to demonstrate a substantial lack of concern for whether the plaintiff would become pregnant as a result (MCL 600.2971).

3. ACTIONS — NEGLIGENCE — MEDICAL MALPRACTICE — WRONGFUL CONCEPTION — DAMAGES.

A plaintiff may seek the recovery of traditional damages for her own injuries in a wrongful-conception action based on ordinary negligence as long as the applicable evidentiary burdens are satisfied.

*Morgan & Meyers, PLC* (by *Jeffrey T. Meyers*), for plaintiff.

*Kitch Drutchas Wagner Valitutti & Sherbrook* (by *Beth A. Wittman* and *William W. Vertes*) for defendants.

Before: M. J. KELLY, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM. This case is before the Court on order of our Supreme Court for consideration, as on leave granted, of a trial court order denying defendants' motion for summary disposition in this wrongful-conception medical malpractice case.[1] We affirm in part, reverse in part, and remand for further proceedings.

On August 8, 2011, plaintiff, Lori Cichewicz, filed a complaint against defendants Michael S. Salesin, M.D.; Michael S. Salesin, M.D., P.L.C.; and Walnut Lake OB/GYN, P.L.L.C., averring that she was advised by Salesin in September 2007 that her fallopian tubes were blocked and, therefore, it was no longer necessary for her to use contraceptives. However, in October 2010, plaintiff became pregnant and subsequently gave birth to her daughter, who has Down syndrome.

In Count I of her complaint, plaintiff brought a claim of "gross negligence/medical malpractice" against Salesin. Plaintiff alleged that the standard of care required Salesin "to refrain from informing [her] that it was impossible her [sic] to become pregnant," "to refrain from informing [her] that she no longer required birth control," and to "continue to provide [her] with birth control, given her sincere stated desire not to become pregnant." Plaintiff further alleged that Salesin

---

[1] *Cichewicz v Salesin*, 494 Mich 873 (2013). This order appears with the plaintiff's name misspelled as "Chichewicz."

"grossly violated the standard of care" by taking contrary actions. That is, plaintiff alleged, "Salesin's negligent actions and omissions, as outlined above, were so reckless as to demonstrate a substantial lack of concern, on the part of Salesin, for whether [plaintiff] would become pregnant as well as the ramifications of [plaintiff's] becoming pregnant." Plaintiff claimed that, as a direct and proximate result of Salesin's violations of the standard of care, she stopped using birth control and became pregnant; consequently, she "was entitled to damages as are deemed fair and just regarding the pregnancy and continuing attendant care of her child . . . ." Specifically, plaintiff sought damages for physical injury, emotional distress, mental anguish, medical expenses related to her pregnancy, incidental expenses resulting from her pregnancy, denial of social pleasures and enjoyments because of her pregnancy, emotional distress related to knowing she would deliver a child with Down syndrome, loss of wages and earning capacity, as well as medical, daily living, attendant care, and educational expenses, and all other expenses associated with raising her child.

In Count II of her complaint, plaintiff brought a claim of vicarious liability against Walnut Lake OB/GYN, alleging that Salesin was its agent or employee when the purported negligence occurred. In Count III, plaintiff brought a claim of vicarious liability against Michael S. Salesin, M.D., P.L.C., alleging that Salesin was its agent or employee when the purported negligence occurred.

In June 2012, defendants moved for summary disposition, arguing that plaintiff could not establish that a genuine issue of material fact existed with regard to whether any alleged act or omission of Salesin constituted gross negligence as required by MCL 600.2971 in

wrongful-conception cases. In particular, defendants noted that during 14 years of plaintiff's marriage, she did not use birth control while having sexual intercourse two or three times a week without getting pregnant. However, in 2005, after her divorce, she began taking birth control pills and remained on the medication at the time of her annual gynecological physical in June 2007, when she requested permanent sterilization. Thereafter, in August 2007, Salesin attempted a sterilization procedure known as an Essure procedure, which involved the implantation of a device in each fallopian tube that causes scarring and results in permanent blockage of the fallopian tubes. However, Salesin was unable to insert the device into either of plaintiff's fallopian tubes. He then attempted a laparoscopic tubal ligation, but was unable to perform the procedure. In September 2007, plaintiff underwent a hysterosalpingogram to determine whether her fallopian tubes were blocked. When the x-ray dye did not flow through plaintiff's fallopian tubes, it was determined that both of plaintiff's fallopian tubes were occluded. Consequently, Salesin advised plaintiff that birth control was not necessary because her fallopian tubes were blocked and that the blockage had the same effect as a tubal ligation. Salesin testified that in his more than 30 years of practicing, he had never had a similarly situated patient become pregnant with such blockages. Defendants argued that reasonable jurors could not honestly conclude that Salesin's conduct constituted gross negligence, i.e., " 'conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.' " *Odom v Wayne Co*, 482 Mich 459, 469; 760 NW2d 217 (2008) (citation omitted). And because "MCL 600.2971 prohibits claims for wrongful conception, including claims for the cost of raising the child to the age of majority, regardless of the

child's health, unless the alleged wrongful conduct was intentional or grossly negligent," defendants argued that they were entitled to summary disposition of plaintiff's complaint.

Plaintiff responded to defendants' motion for summary disposition, arguing that MCL 600.2971 did not prohibit her claim for traditional medical malpractice damages, regardless of whether she could demonstrate gross negligence. Plaintiff further argued that she had, in fact, presented sufficient evidence to create a question of material fact regarding whether Salesin's conduct amounted to gross negligence.

Defendants replied that there was "no merit to plaintiff's argument that the plain language of MCL 600.2971 entitles plaintiff to recover damages for daily living, medical, educational, or other expenses necessary to raise a child to the age of majority on a wrongful pregnancy or wrongful conception claim in cases of intentional or grossly negligent acts or omissions[.]" Defendants argued that MCL 600.2971 "specifically prohibits an action for damages in a wrongful conception case, and provides that the prohibition does not apply to a civil action for damages for an intentional or grossly negligent act or omission." Defendants asserted that this statute did not abrogate the "traditional common-law rule that a person may not recover damages in a wrongful conception action. . . . [T]he common law would apply to prohibit a wrongful conception action for damages until the child's age of majority." Further, defendants argued, plaintiff was not entitled to recover "damages in her own right as a result of her pregnancy, including her own medical expenses, pain and suffering, and lost wages" because, "[g]iven that [MCL 600.2971(3) and (4)] clearly prohibit[] 'a person' from bringing a wrongful pregnancy or wrongful con-

ception claim, plaintiff's claim in this case cannot go forward." Defendants also reiterated their argument that plaintiff had not established a question of fact on the issue of gross negligence.

Following oral argument, the trial court denied defendants' motion for summary disposition. After noting that defendants' motion was premised on MCR 2.116(C)(10), the trial court stated, "MCL 600.2971 prohibits claims for wrongful conception, including claims for the cost of raising a child to the age of majority, regardless of the child's health unless the alleged wrongful conduct was intentional or grossly negligent." The trial court recounted the underlying facts, including that Salesin advised plaintiff that, because her fallopian tubes were blocked, she would not be able to get pregnant and did not need birth control. The trial court then held:

> Based on this evidence and particularly the testimony of plaintiff that the chance of the pregnancy was impossible according to him; and that even if plaintiff wanted another child . . . she would not be able to do so; further, that she had testified she specifically asked Salesin about going back to birth control as a precautionary measure; and that he said there's no need for birth control as the tubes are blocked; his own testimony that he had seen tubes come unblocked once they're blocked, the Court finds that evidence exists creating a question of fact as to whether or not the defendant's act or omission was so reckless as to demonstrate a substantial lack of concern for whether an injury would result; and thus, should be decided by a trier-of-fact.

The trial court then entered an order denying defendants' motion for summary disposition. On April 10, 2013, the trial court entered a stipulated order for the dismissal of all claims against defendant Walnut Lake OB/GYN, P.L.L.C. Defendants then filed an application

for leave to appeal in this Court, which was denied. *Cichewicz v Salesin*, unpublished order of the Court of Appeals, entered May 16, 2013 (Docket No. 312806). Thereafter, defendants applied for leave to appeal in our Supreme Court, which, in lieu of granting leave to appeal, remanded the matter to us for consideration as on leave granted. *Cichewicz v Salesin*, 494 Mich 873 (2013).

On appeal, defendants argue that the trial court erred by ruling that MCL 600.2971 creates a cause of action for wrongful conception caused by gross negligence and permits recovery of the costs of raising a child to the age of majority.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). We also review de novo as a question of law issues of statutory interpretation. *Whitman v City of Burton*, 493 Mich 303, 311; 831 NW2d 223 (2013).

MCL 600.2971 addresses three types of claims: wrongful-life claims, wrongful-birth claims, and wrongful-conception (also known as wrongful-pregnancy) claims. It provides:

> (1) A person shall not bring a civil action on a wrongful birth claim that, but for an act or omission of the defendant, a child or children would not or should not have been born.
>
> (2) A person shall not bring a civil action for damages on a wrongful life claim that, but for the negligent act or omission of the defendant, the person bringing the action would not or should not have been born.
>
> (3) A person shall not bring a civil action for damages for daily living, medical, educational, or other expenses necessary to raise a child to the age of majority, on a wrongful pregnancy or wrongful conception claim that, but for an act or omission of the defendant, the child would not or should not have been conceived.

(4) The prohibition stated in subsection (1), (2), or (3) applies regardless of whether the child is born healthy or with a birth defect or other adverse medical condition. The prohibition stated in subsection (1), (2), or (3) does not apply to a civil action for damages for an intentional or grossly negligent act or omission, including, but not limited to, an act or omission that violates the Michigan penal code, 1931 PA 328, MCL 750.1 to 750.568.

A wrongful-birth claim is brought by the parents of a child with a birth defect and generally alleges that the defendant's failure to inform them of the risk of the birth defect deprived them of the opportunity to avoid or terminate the pregnancy. *Taylor v Kurapati*, 236 Mich App 315, 322-323; 600 NW2d 670 (1999); *Rouse v Wesley*, 196 Mich App 624, 626-627; 494 NW2d 7 (1992). The *Taylor* Court abolished claims for wrongful birth. *Taylor*, 236 Mich App at 355-356. However, before the *Taylor* decision, a wrongful-birth cause of action was actionable. See *Proffitt v Bartolo*, 162 Mich App 35, 41, 46; 412 NW2d 232 (1987), citing *Eisbrenner v Stanley*, 106 Mich App 357; 308 NW2d 209 (1981).

A wrongful-life claim is brought by or on behalf of a child with a birth defect and alleges that, but for the defendant's negligence, the child would not have been born. *Taylor*, 236 Mich App at 336; *Rouse*, 196 Mich App at 627. At the time of this Court's decisions in *Taylor* and *Rouse*, a cause of action for wrongful life did not exist in Michigan. *Taylor*, 236 Mich App at 340-341; *Rouse*, 196 Mich App at 627; *Proffitt*, 162 Mich App at 58.

This case, however, is more analogous to a wrongful-conception medical malpractice case. Wrongful-conception claims generally contend that

the defendant's negligent conduct failed to prevent the birth of a child in the following situations: (1) where a physician negligently performs a vasectomy or tubal liga-

tion or when a physician, pharmacist, or other health professional provides any other type of ineffective contraception, the parents conceive, and the birth of a healthy, but unplanned, baby results; (2) where a physician negligently fails to diagnose a pregnancy, thereby denying the mother the choice of termination of the pregnancy at a timely stage, and the birth of a healthy, but unwanted, baby results; and (3) where a physician negligently attempts to terminate the pregnancy and the birth of a healthy, but unwanted, baby results. [*Taylor*, 236 Mich App at 325-326 (citations omitted).]

This case differs from the typical wrongful-conception case, however, in that plaintiff alleges that Salesin's grossly negligent advice regarding her ability to conceive, and failure to prescribe birth control pills, led to an unplanned, unwanted pregnancy. This case also differs in that plaintiff gave birth to a daughter with Down syndrome.

Unlike wrongful-birth and wrongful-life claims, wrongful-conception claims have consistently been permitted in Michigan; however, the types of damages recoverable in wrongful-conception cases have been disputed. See, e.g., *Rouse*, 196 Mich App at 627; *Rinard v Biczak*, 177 Mich App 287, 290, 296; 441 NW2d 441 (1989); *Bushman v Burns Clinic Med Ctr (After Remand)*, 83 Mich App 453, 461; 268 NW2d 683 (1978). For example, in *Troppi v Scarf*, 31 Mich App 240; 187 NW2d 511 (1971), a wrongful-pregnancy case, this Court held that the plaintiff could recover for the pain and anxiety of pregnancy and childbirth, lost wages, medical and hospital expenses, and the economic costs of rearing the child. *Id.* at 260-261. In *Rinard*, this Court agreed that the plaintiff could recover for the costs of pregnancy and childbirth, as well as "related damages for pain and suffering, medical complications caused by the pregnancy, mental distress, lost wages,

and loss of consortium," but concluded that recovery for the economic costs of raising a normal, healthy child was not permitted. *Rinard*, 177 Mich App at 294. In *Rouse*, this Court also held that a plaintiff in a wrongful-pregnancy action "may not recover the customary cost of raising and educating the child." *Rouse*, 196 Mich App at 632. Further, the *Taylor* Court, which abolished wrongful-birth claims, acknowledged that wrongful-conception claims were viable causes of action in Michigan and refused to consider whether such claims "remain tenable." *Taylor*, 236 Mich App at 336 n 35.

After the *Taylor* decision was issued in 1999, our Legislature passed 2000 PA 423, which became MCL 600.2971. Subsections (1) and (2) are consistent with the prevailing common law; civil actions for wrongful birth and wrongful life are generally not actionable in this state. See MCL 600.2971(1) and (2); *Taylor*, 236 Mich App at 341, 355. Subsection (3) is also consistent with the prevailing common law; civil actions for wrongful conception are actionable, but damages for the cost of raising the child to the age of majority are generally not recoverable. See MCL 600.2971(3); *Rouse*, 196 Mich App at 631-632. However, with the addition of subsection (4), the Legislature created exceptions to each prohibition set forth in the three previous subsections of MCL 600.2971. At issue here is the application of subsection (4) to subsection (3).

The rules of statutory interpretation are well established. "[O]ur purpose is to discern and give effect to the Legislature's intent." *Echelon Homes, LLC v Carter Lumber Co*, 472 Mich 192, 196; 694 NW2d 544 (2005). We examine the plain language of the statute, assign words their plain and ordinary meaning, and, if the language is unambiguous, no further construction is

required or permitted; the statute must be enforced as written. *Id.* Further, we presume that the Legislature has knowledge of the common law when it acts. *Dawe v Dr Reuven Bar-Levav & Assoc, PC*, 485 Mich 20, 28; 780 NW2d 272 (2010). The common law remains in effect until modified, and abrogation is not lightly presumed. *Id.* Therefore, the Legislature " 'should speak in no uncertain terms' " when it chooses to modify the common law. *Id.*, quoting *Hoerstman Gen Contracting, Inc v Hahn*, 474 Mich 66, 74; 711 NW2d 340 (2006).

Because statutes must be read as a whole and in context, *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 528; 817 NW2d 548 (2012), we again consider subsections (1), (2), and (3) of MCL 600.2971, which provide:

> (1) A person shall not bring a civil action on a wrongful birth claim that, but for an act or omission of the defendant, a child or children would not or should not have been born.

> (2) A person shall not bring a civil action for damages on a wrongful life claim that, but for the negligent act or omission of the defendant, the person bringing the action would not or should not have been born.

> (3) A person shall not bring a civil action for damages for daily living, medical, educational, or other expenses necessary to raise a child to the age of majority, on a wrongful pregnancy or wrongful conception claim that, but for an act or omission of the defendant, the child would not or should not have been conceived.

Contrary to subsections (1) and (2)—which prohibit civil actions premised on wrongful-birth and wrongful-life claims—subsection (3) does not prohibit civil actions premised on wrongful-pregnancy or wrongful-conception claims. Rather, subsection (3) prohibits a wrongful-pregnancy or wrongful-conception claim "for damages for daily living, medical, educational, or other

expenses necessary to raise a child to the age of majority." But subsection (4) provides for an exception that is applicable to each prohibition stated in subsection (1), (2), and (3). It provides, in relevant part:

> The prohibition stated in subsection (1), (2), or (3) does not apply to a civil action for damages for an intentional or grossly negligent act or omission, including, but not limited to, an act or omission that violates the Michigan penal code, 1931 PA 328, MCL 750.1 to 750.568.

The prohibition set forth in each subsection is denoted by the words "shall not." See *1031 Lapeer LLC v Rice*, 290 Mich App 225, 231; 810 NW2d 293 (2010) (holding that "the term 'shall not' may be reasonably construed as a prohibition"). Thus, applying subsection (4) to subsection (1), a person may bring a civil action on a wrongful-birth claim that, but for an intentional or grossly negligent act or omission of the defendant, a child or children would not or should not have been born. Applying subsection (4) to subsection (2), a person may bring a civil action for damages on a wrongful-life claim that, but for an intentional or grossly negligent act or omission of the defendant, the person bringing the action would not or should not have been born. Applying subsection (4) to subsection (3), a person may bring a civil action for damages for daily living, medical, educational, or other expenses necessary to raise a child to the age of majority, on a wrongful-pregnancy or wrongful-conception claim that, but for an intentional or grossly negligent act or omission of the defendant, the child would not or should not have been conceived.

Contrary to defendants' argument, MCL 600.2971 did not "create" a cause of action for wrongful conception. As discussed earlier, claims for wrongful conception have long been actionable in this state, although plaintiffs could not recover as damages "the customary

cost of raising and educating the child." *Rouse*, 196 Mich App 631-632; see also *Taylor*, 236 Mich App at 335. MCL 600.2971(4) did not abrogate the common law related to the recovery of these types of damages in wrongful-conception claims premised on negligence. That is, a plaintiff asserting a wrongful-conception claim premised on a negligent act or omission of a defendant still cannot recover damages "for daily living, medical, educational, or other expenses necessary to raise a child to the age of majority[.]" MCL 600.2971(3). But, under MCL 600.2971(4), a plaintiff is permitted to recover such damages for a wrongful-conception claim premised on an intentional or grossly negligent act. Thus, the types of damages recoverable in a wrongful-conception claim depend on whether the defendant's act or omission was merely negligent, or whether it was intentional or grossly negligent.

"Common-law rules apply to medical malpractice actions unless specifically abrogated by statute." *O'Neal v St John Hosp & Med Ctr*, 487 Mich 485, 503 n 16; 791 NW2d 853 (2010). The Legislature has the authority to abrogate the common law and, if a statutory provision and the common law conflict, the statutory provision supersedes the common law. *Pulver v Dundee Cement Co*, 445 Mich 68, 75 n 8; 515 NW2d 728 (1994). We conclude that, through MCL 600.2971, the Legislature has spoken in no uncertain terms, and those terms state that wrongful-birth and wrongful-life claims are actionable in Michigan "for damages for an intentional or grossly negligent act or omission." MCL 600.2971(4). Further, wrongful-conception claims remain actionable in Michigan, and damages related to the costs of raising the child to the age of majority may be recovered on a showing of an intentional or grossly negligent act or omission. Accordingly, the trial court did not err when it held that MCL 600.2971 does not

prohibit a wrongful-conception claim seeking damages for daily living, medical, educational, and other expenses necessary to raise a child to the age of majority on the basis that, but for the grossly negligent act or omission of the defendant, the child would not or should not have been conceived.

Next, defendants argue that even if plaintiff can bring an action for wrongful conception caused by gross negligence, she failed to establish a genuine issue of material fact that Salesin's conduct was grossly negligent. We agree.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Maiden*, 461 Mich at 118. The trial court considered defendants' motion for summary disposition as brought under MCR 2.116(C)(10). Such a motion tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). This Court "review[s] a motion brought under MCR 2.116(C)(10) by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). Summary disposition "is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id.*; see also MCR 2.116(C)(10). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

MCL 600.2971 does not define the term "grossly negligent," and there are no published cases defining the term in the context of MCL 600.2971. However, in

contexts where civil liability would only exist if a defendant's conduct was grossly negligent, Michigan courts have generally applied the standard articulated in the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, which defines gross negligence as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a); see also *Jennings v Southwood*, 446 Mich 125, 136; 521 NW2d 230 (1994) (GTLA definition of gross negligence applies where Legislature intended to immunize emergency personnel from ordinary negligence, but not from gross negligence); *Xu v Gay*, 257 Mich App 263, 268-269; 668 NW2d 166 (2003) (GTLA definition of gross negligence applies in context of a contractual waiver of liability). Further, the GTLA definition of gross negligence has been incorporated into Michigan's model jury instruction defining gross negligence. M Civ JI 14.10.

We conclude that the definition of "gross negligence" set forth in the GTLA is the most appropriate standard to be applied in the context of MCL 600.2971. Similar to the GTLA, MCL 600.2971 provides immunity to potential defendants for ordinary negligence with regard to wrongful-birth and wrongful-life claims in subsections (1) and (2). MCL 600.2971 also prohibits the recovery of certain damages from a defendant in a wrongful-conception claim premised on ordinary negligence, § 2971(3), while permitting the recovery of those damages in a claim premised on gross negligence, § 2971(4). Therefore, while a plaintiff asserting a wrongful-conception medical malpractice claim may recover damages traditionally permitted if ordinary negligence is proved, to recover damages "for daily living, medical, educational, or other expenses necessary to raise a child to the age of majority," the plaintiff must prove "an

intentional or grossly negligent act or omission." MCL 600.2971(3) and (4).

In this case, even considering that plaintiff is entitled to have the facts viewed in the light most favorable to her and to have all legitimate inferences considered in her favor, we conclude that plaintiff failed to establish a material question of fact regarding whether Salesin's conduct was grossly negligent. See *Jackson v Saginaw Co*, 458 Mich 141, 146; 580 NW2d 870 (1998). Under the circumstances of this case, informing plaintiff that she could not become pregnant and that she no longer required birth control, as well as failing to prescribe birth control pills, was not conduct so reckless as to demonstrate a substantial lack of concern for whether plaintiff would become pregnant.

Plaintiff's medical records indicated that during 14 years of her marriage she did not use any birth control methods and did not get pregnant, despite having an active sex life. Salesin testified that he attempted a sterilization procedure, through which devices would be implanted into each fallopian tube that would prevent pregnancy as effectively as a tubal ligation, but it could not be completed because both of plaintiff's fallopian tubes were occluded. Salesin also testified that he confirmed that plaintiff's fallopian tubes were occluded during a hysterosalpingogram procedure that was later performed. Salesin testified that, considering plaintiff's age and her history of infertility despite an active sex life, in conjunction with the results of both the failed sterilization procedure and the hysterosalpingogram, he advised plaintiff that no additional forms of sterilization or contraception were recommended. Although Salesin admitted in his deposition that he had seen blocked fallopian tubes become unblocked, he noted that there is also a failure rate with both tubal ligation

and birth control pills, but additional forms of birth control are not recommended in those instances even considering the failure rate. Moreover, in this case, because of plaintiff's history of infertility, as well as his visualization of plaintiff's occluded fallopian tubes both during the attempted sterilization procedure and during the hysterosalpingogram, he would not expect plaintiff's fallopian tubes to subsequently become unblocked and he had never seen such an occurrence in a similarly situated patient. That is, he had never seen a patient's fallopian tubes open up enough for the patient to get pregnant after he had "looked at the tubes, found them to be blocked, [and] had an x-ray test confirming that they were blocked, never." In fact, Salesin testified, the probability of pregnancy in the population of women who are 41 years old, without any known fertility issues, is less than one percent. Further, he stated that because the risks associated with birth control pills, although slight, were probably greater than the risk of plaintiff getting pregnant, they would not have been indicated even if she had requested them. Although plaintiff testified that Salesin told her it was impossible for her to get pregnant, Salesin denied that he would ever use the term "impossible" because "in medicine nothing is 100 percent." In any case, Salesin admitted that he was convinced "that it would be unnecessary to use any other form of birth control because [he] had lots of evidence to show . . . that she wasn't going to be able to get pregnant."

On the basis of the evidence presented to the trial court, we hold that no reasonable juror could conclude that Salesin's conduct was so reckless that it demonstrated a substantial lack of concern for whether plaintiff would get pregnant as a consequence of his advice regarding the need for contraception and his failure to

prescribe birth control pills. See *Maiden*, 461 Mich at
128; *Vermilya v Dunham*, 195 Mich App 79, 83; 489
NW2d 496 (1992). As explained by this Court in *Tarlea
v Crabtree*, 263 Mich App 80; 687 NW2d 333 (2004), the
type of conduct that a defendant must engage in to be
held liable for gross negligence involves

> almost a willful disregard of precautions or measures to
> attend to safety and a singular disregard for substantial
> risks. It is as though, if an objective observer watched the
> actor, he could conclude, reasonably, that the actor simply
> did not care about the safety or welfare of those in his
> charge. [*Id.* at 90.]

In this case, Salesin's advice to plaintiff regarding the
necessity of contraception was based on his more than
30 years of experience and grounded on several objec-
tive and persuasive factors that informed his medical
judgment and subsequent actions, including plaintiff's
age, her multiple-year history of infertility despite an
active sex life with two different partners, Salesin's
inability to place devices into either of plaintiff's fallo-
pian tubes because of occlusion, and his visualization of
the fallopian tube occlusions during the hysterosalpin-
gogram. Accordingly, we reverse the trial court's order
denying defendants' motion for summary disposition
with regard to plaintiff's claim that, because of Salesin's
gross negligence, she was permitted to seek recovery
"for damages for daily living, medical, educational, or
other expenses necessary to raise a child to the age of
majority" on this wrongful-conception medical malprac-
tice claim.

Next, defendants argue that plaintiff was not permit-
ted to seek the recovery of even traditional damages on
her wrongful-conception medical malpractice claim be-
cause neither MCL 600.2971 nor the common law
allows for the recovery of such damages. We disagree.

In Michigan, as a general rule, plaintiffs are entitled to recover civil damages for medical malpractice, as long as they satisfy their evidentiary burdens. See MCL 600.2912a. Defendants have provided no authority holding that, in a wrongful-conception medical malpractice action, a plaintiff may not recover damages generally permitted in medical malpractice actions. And prior decisions of this Court have consistently held that a plaintiff in a wrongful-conception action is entitled to recover traditional damages, as discussed earlier. *Rinard*, 177 Mich App at 294; *Troppi*, 31 Mich App at 252-255; see also *Bushman*, 83 Mich App at 461.

Further, consistent with the common law, the language of MCL 600.2971 implies that such damages are compensable in a wrongful-conception action. "[A]lthough only an aid to interpretation, we note that the maxim *expressio unius est exclusio alterius* (the expression of one thing suggests the exclusion of all others) means that the express mention of one thing in a statutory provision implies the exclusion of similar things." *People v Carruthers*, 301 Mich App 590, 604; 837 NW2d 16 (2013). While MCL 600.2971(3) expressly limits a plaintiff's right to recover the expenses related to raising a child to the age of majority in a wrongful-conception medical malpractice action premised on negligence, listing these expenses in detail, the statute includes no language limiting a plaintiff's ability to recover traditional medical malpractice damages. Had our Legislature intended to restrict recovery for any and all damages in a wrongful-conception action, the Legislature could have done so, as it did in wrongful-life and wrongful-birth actions. See MCL 600.2971(1) and (2). The Legislature's language demonstrates an intention to limit recovery in a wrongful-conception action premised on negligence only to the extent that a plaintiff seeks damages related to the cost of raising the child

to the age of majority. See MCL 600.2971(3). Defendants' argument on appeal, if adopted, would prohibit a cause of action for wrongful conception premised on negligence, contrary to the plain language of MCL 600.2971(3). Accordingly, the trial court improperly held that MCL 600.2971 prohibits claims for wrongful conception unless the alleged conduct was intentional or grossly negligent. However, defendants' motion for summary disposition was properly denied to the extent it was based on the argument that plaintiff could not seek the recovery of any damages on her wrongful-conception medical malpractice claim. Thus, we affirm the trial court's decision in this regard, albeit on different grounds. See *Mulholland v DEC Int'l Corp*, 432 Mich 395, 411 n 10; 443 NW2d 340 (1989).

Affirmed in part, reversed in part, and remanded for further proceedings. We do not retain jurisdiction.

M. J. KELLY, P.J., and CAVANAGH and FORT HOOD, JJ., concurred.