# STATE OF MICHIGAN

# COURT OF APPEALS

MAURICE FULLER,

Plaintiff-Appellant,

v

RITA HOWARD,

Defendant-Appellee.

UNPUBLISHED
December 1, 2015

No. 322439
Wayne Circuit Court
LC No. 13-000214-NI

Before: METER, P.J., and WILDER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting summary disposition to defendant. We affirm.

This action arises out of injuries sustained by plaintiff when he was hit by a car as he rode his bicycle. Plaintiff argues that the trial court erred when it granted defendant's motion for summary disposition because the evidence demonstrated that plaintiff suffered a serious impairment of body function. We disagree.

Defendant moved for summary disposition under MCR 2.116(C)(10). "A trial court's ruling on a motion for summary disposition is a question of law, which this Court reviews de novo." *Shepherd Montessori Ctr Milan v Ann Arbor Charter Twp*, 486 Mich 311, 317; 783 NW2d 695 (2010). The proper interpretation of a statute is also a legal question that is reviewed de novo. *McCormick v Carrier*, 487 Mich 180, 188; 795 NW2d 517 (2010).

A motion brought under MCR 2.116(C)(10) tests the factual sufficiency of a complaint. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). In reviewing such a motion, this Court "considers the entire record in the light most favorable to the party opposing the motion, including affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties." *Urbain v Beierling*, 301 Mich App 114, 122; 835 NW2d 455 (2013) (citation and quotation marks omitted). The moving party has the initial burden of presenting evidence to support its position. *Pena v Ingham Co Rd Comm'n*, 255 Mich App 299, 310; 660 NW2d 351 (2003). However, once this burden has been met, "the burden shifts to the nonmoving party to establish that a genuine issue of disputed fact exists." *Id*. When the burden of proof rests on the nonmoving party, the nonmoving party cannot rely on mere allegations or denials in pleadings, but must present specific facts to show that a genuine issue of material fact exists. *Id*. A genuine issue of material fact exists when, after viewing the record in the light

-1-

most favorable to the nonmoving party, reasonable minds could differ on an issue. *Cichewicz v Salesin*, 306 Mich App 14, 28; 854 NW2d 901 (2014). If the evidence does not establish a genuine issue of material fact and the moving party is entitled to judgment as a matter of law, then summary disposition is appropriate. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008).

Under Michigan no-fault law, tort liability for noneconomic loss resulting from a motor vehicle accident is limited. MCL 500.3135; *McCormick*, 487 Mich at 189. However, a motor vehicle operator is still subject to tort liability if the injured person suffered a serious impairment of body function (or other consequences not applicable to this case). MCL 500.3135. A serious impairment of body function is defined as "(1) an objectively manifested impairment (2) of an important body function that (3) affects the person's general ability to lead his or her normal life." *McCormick*, 487 Mich at 195. If there is no factual dispute regarding the nature and extent of the injuries, the court will determine the legal question of whether there was a serious impairment of body function. *Id*. at 192-193.

Although the parties disputed whether the cause of the injuries was the accident or something else, the parties did not dispute the nature or extent of the injuries that were reflected in plaintiff's medical records. The only injuries corroborated by medical records were bulging discs in plaintiff's back. Plaintiff's other claims—including tinnitus, vision problems, and headaches—were never corroborated by medical records or connected to the bulging discs in his back. At the hearing, the trial court stated, "there's no dispute as to what the injuries are, the bulging disk [sic]. The reason for them is in dispute, but not the fact of them." Plaintiff's attorney agreed with this statement. Therefore, the trial court then properly turned to the legal question of whether there was a serious impairment of body function. See *id*. at 193.

An MRI revealed the bulging discs, and plaintiff's doctor, Dr. Dawit Teklehaimanot, submitted an affidavit indicating that these bulging discs were the cause of plaintiff's back pain. Because Dr. Teklehaimanot's affidavit was unsigned, it was invalid and the trial court did not need to consider it. *Sherry v East Suburban Football League*, 292 Mich App 23, 31; 807 NW2d 859 (2011). However, even assuming, arguendo, that plaintiff satisfied the first two prongs for establishing a serious impairment of body function, see *McCormick*, 487 Mich at 195, the trial court properly found that the third prong—whether the impairment affected plaintiff's general ability to lead his normal life—had not been established. An impairment affects a person's general ability to lead his or her normal life when it has "an influence on some of the person's capacity to live in his or her normal manner of living." *Id*. at 202. The impairment need only affect, not necessarily destroy, a person's general ability to lead his or her normal life. *Id*. "The serious impairment analysis is inherently fact- and circumstance-specific and must be conducted on a case-by-case basis." *Id*. at 214.

Plaintiff did not have a job, engage in hobbies, play sports, or have a girlfriend before the accident. He primarily watched television. Although plaintiff claims that, since the accident, he has not been able to ride his bicycle, his testimony indicated that he has not even tried to ride his

bicycle since the accident. Plaintiff claims that he cannot stand for long[1] or "sit in a chair for a couple hours" because it hurts to do so, and he mentions yard work,[2] but, in light of the record and the whole of plaintiff's testimony, we find that plaintiff's vague claims are not sufficient to create a question of fact regarding whether plaintiff's normal manner of living was affected by the impairment. As noted, plaintiff testified that before the accident, he primarily watched television, and plaintiff has not established that the injuries affected his "normal manner of living . . . ." *Id*. at 218. Indeed, plaintiff indicated that, post-accident, he "[b]asically" "stay[s] home and watch[es] TV." The trial court properly determined that plaintiff did not establish that any impairment affected his general ability to lead his normal life. See *id*. at 202.

Affirmed.

/s/ Patrick M. Meter
/s/ Kurtis T. Wilder

---

[1] We note that plaintiff testified that, post-accident, he can stand for "[n]o more than like maybe 30 minutes or so" and that "[b]efore that I could stand up for a long period of time and just work." However, plaintiff testified that he did not, in fact, have a job before the accident and that he supported himself with "[f]ood stamps."

[2] Plaintiff merely stated that "I used to be able to rake the grass, do the lawn," but he offered no elaboration regarding whether or how often he actually did lawn care before the accident or how exactly his yard-care skills were affected by the accident.

-3-