*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHEILA KENDRICK,

      Plaintiff-Appellant,

v

PROFESSIONAL PROPERTY MANAGEMENT
COMPANY OF MICHIGAN doing business as
PROFESSIONAL PROPERTY MANAGEMENT
INC.,

      Defendant-Appellee.

UNPUBLISHED
April 16, 2019

No. 341610
Oakland Circuit Court
LC No. 2017-156717-NO

Before: LETICA, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant in this slip-and-fall action. We affirm.

At the time of the incident, plaintiff leased a residential townhome from defendant. On the morning of January 9, 2014, plaintiff left her townhouse between 6:30 a.m. and 7:00 a.m. to head to work as a substitute teacher. According to plaintiff, the sun was rising. Plaintiff also testified that it had snowed for four or five days, and there was snow in some places on the ground. Plaintiff stated that she traversed the smaller sidewalk between her door and the main sidewalk with no problems. Plaintiff was looking straight ahead as she was walking and was "pretty cautious." But before reaching her car, plaintiff fell on the main sidewalk. Plaintiff did not see what caused her to fall but knew that it was ice because it was slippery. Plaintiff was not sure how long she was on the ground, but she recalled having to roll over on a large pile of snow that accumulated as a result of the area being shoveled or plowed. After standing up, plaintiff walked the same route back to her townhouse and did not fall. Plaintiff stated that a day or so after the fall, she and a neighbor returned to the area to take photographs of the ice on the sidewalk. Plaintiff claimed that she suffered severe injuries that caused her to miss work and eventually be dismissed from her job.

Plaintiff brought suit against defendant alleging violations of MCL 554.139, and the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq*. The trial court granted summary disposition on all counts in favor of defendant and dismissed plaintiff's complaint. Plaintiff now appeals as of right.

First, plaintiff argues that the trial court abused its discretion when it granted defendant's motion to remove the matter from case evaluation. Plaintiff argues that the matter is grounded in tort and therefore she had a right to participate in a full and complete case evaluation process. Plaintiff relies on MCR 2.403(A)(2), which states that "[c]ase evaluation of tort cases filed in circuit court is mandatory . . . ." Defendant counters that the trial court did not abuse its discretion when it removed the matter from case evaluation because the matter had already been evaluated in an earlier case that plaintiff had previously filed concerning the same parties and facts. Plaintiff's earlier suit had been dismissed without prejudice before she refiled her complaint in this action.

"The proper interpretation and application of a court rule is a question of law, which [this Court] review[s] de novo." *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009). A trial court abuses its discretion when its decision is "outside the range of reasonable and principled outcomes." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008).

The register of actions (ROA) from plaintiff's earlier case, Docket No. 2014-143304-NI, confirms that plaintiff filed it in the Oakland Circuit Court on October 3, 2014. As already mentioned, plaintiff's earlier case was dismissed without prejudice on or about December 15, 2015. Defendant explained to the trial court that "in the prior case, case evaluation was completed on November 5, 2015. Defendant accepted the case evaluation award and [p]laintiff did not file a response, which acted as a rejection." Defendant also stated that in the previous case, once "discovery and case evaluation were completed, a motion for summary disposition was pending, and counsel appeared for a settlement conference at which time the matter was dismissed." Defendant's recitation of the procedural history in the first case matches the timing of events on the ROA for that case. Plaintiff did not dispute that the matter went to case evaluation in the previous case and agreed that the case was eventually dismissed without prejudice "after [p]laintiff was not informed of a settlement conference . . . ." However, she asserted that her prior attorney was not adequate, which eventually resulted in an Attorney Grievance Commission (AGC) admonishment.

In 2017, plaintiff brought the instant case with new counsel. Seemingly because it was an action in tort, the matter was automatically referred to the case evaluation docket pursuant to MCR 2.403(A)(2). Defendant then filed a motion for the matter to be removed from case evaluation, asserting that it would be unfair for plaintiff to get a "second bite at the apple by being allowed to go to case evaluation for a second time on the same facts discovered in the prior lawsuit in hopes of receiving a favorable outcome." The trial court granted defendant's motion and entered an order removing this matter from case evaluation.

"MCR 2.403(C) allows a party to file a motion to remove the matter from case evaluation." *Magdich & Assoc, PC v Novi Dev Assoc LLC*, 305 Mich App 272, 280; 851 NW2d 585 (2014). It does not appear to this Court that the trial court's decision in the instant case to grant defendant's motion to remove the matter from case evaluation, pursuant to MCR 2.403(C),

fell "outside the range of reasonable and principled outcomes," *Smith*, 481 Mich at 526, because the matter had already been through the full case evaluation process in the previous case. Plaintiff and her counsel fully participated in the process up until the point case evaluation resulted in a unanimous award for plaintiff, which plaintiff subsequently rejected.

Based on the fact that her counsel allegedly failed to respond to the unanimous award in her favor, it appears that plaintiff could potentially seek redress in a malpractice claim against her previous attorney. But, under these facts, plaintiff is not entitled to a second "go round" in the case evaluation process with the same parties, premised on the same facts, in the hope of receiving a more favorable award. Accordingly, the trial court's decision to grant defendant's motion to remove the matter from case evaluation was not an abuse of discretion. See *Smith*, 481 Mich at 526.

Next, plaintiff argues that the trial court abused its discretion when it granted summary disposition in favor of defendant on all counts. This Court reviews de novo a trial court's decision to grant or deny a motion for summary disposition. *Cichewicz v Salesin*, 306 Mich App 14, 21; 854 NW2d 901 (2014). "A motion for summary disposition under subrule (C)(8) tests the legal sufficiency of the pleadings alone." *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010). Under MCR 2.116(C)(8), summary disposition is appropriate when a "party has failed to state a claim on which relief can be granted." When reviewing a motion under this rule, the trial court may consider only the pleadings, accepting as true all factual allegations supporting the claim and any reasonable inferences that might be drawn from the allegations. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 131; 839 NW2d 223 (2013). A motion under MCR 2.116(C)(8) should be granted only if no factual development could possibly justify recovery. *Id*. at 131-132.

A motion brought under MCR 2.116(C)(10) tests the factual support for a party's claim. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). When reviewing a motion for summary disposition brought under subrule (C)(10), "the court must examine the documentary evidence presented and, drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine issue of material fact exists." *Dextrom v Wexford Co*, 287 Mich App 406, 430; 789 NW2d 211 (2010). The court reviews the evidence but may not make findings of fact or weigh credibility in deciding a summary disposition motion. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). A trial court properly grants the motion when the evidence fails to establish any genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*.

Plaintiff first argues defendant breached its duty under MCL 554.139. Plaintiff claimed that she pleaded causes of action in her complaint under both MCL 554.139(1)(a) and (b). Defendant counters that plaintiff only pleaded a claim in her complaint under MCL 554.139(1)(b). The trial court determined that plaintiff's complaint alleged violation of the "reasonable repair part of the statute," i.e., MCL 554.139(1)(b), which does not apply to common areas like sidewalks. It further found that permitting plaintiff to amend her complaint to allege a

cause of action under MCL 554.139(1)(a) would be futile because there was no evidence that the common area was unfit for its intended use. We agree.

In relevant part, MCL 554.139 provides:

> (1) In every lease or license of residential premises, the lessor or licensor covenants:
>
> (a) That the premises and all common areas are fit for the use intended by the parties.
>
> (b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused by the tenants [sic] wilful or irresponsible conduct or lack of conduct.

At the outset, defendant and the trial court are correct that MCL 554.139(1)(b) is inapplicable to the facts of this case. In *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 435; 751 NW2d 8 (2008), the Court held that the duties defined in MCL 554.139(1)(b) applied only to the leased premises and not common areas. It further held that a parking lot in a residential lease complex is a common area. *Id*. at 438. In this case, the parties do not dispute that the sidewalk on which plaintiff fell was a common area leading to the public parking lot. Therefore, MCL 554.139(1)(b) is inapplicable, and summary disposition in favor of defendant on this issue was appropriate.

With regard to MCL 554.139(1)(a), plaintiff argues that the trial court erred when it granted summary disposition because there is a genuine issue of material fact as to whether defendant failed to maintain the sidewalk in a condition fit for its intended use. In *Allison*, 481 Mich at 422-423, the Supreme Court considered whether a landlord violated its duty under MCL 554.139(1)(a) by failing to clear a parking lot of an accumulation of snow and ice that caused a tenant to fall and break his ankle. The Court provided the analytical framework to use when a plaintiff alleges a violation of MCL 554.139(1)(a). First, the Court ruled that the parking lot was a common area under MCL 554.139(1)(a) because it was accessed by two or more tenants and the landlord retained general control over it. *Id*. at 428. After determining whether the location was a common area, the Court identified "the intended use" of the common area and considered whether conditions made the common area unfit for this intended use. *Id*. at 428-431.

The issue in *Allison* was whether 1- to 2-inch accumulations of snow and ice on the defendant's parking lot violated the defendant's duty to keep the parking lot fit for its intended purpose. *Id.* at 429-430. The Court held that the intended purpose of a parking lot in a leased residential property is to allow the tenants "to park their vehicles in the lot and have reasonable access to their vehicles." *Id*. at 429. As long as accumulations of ice and snow did not obstruct the entrance to or the exit from the parking lot or tenants' access to their vehicles, the parking lot was fit for its intended purpose and the defendant was in compliance with MCL 554.139(1)(a). *Id*. at 430-431. The Court further concluded:

-4-

While a lessor may have some duty under MCL 554.139(1)(a) with regard to the accumulation of snow and ice in a parking lot, it would be triggered only under much more exigent circumstances than those obtaining in this case. The statute does not require a lessor to maintain a lot in an ideal condition or in the most accessible condition possible, but merely requires the lessor to maintain it in a condition that renders it fit for use as a parking lot. Mere inconvenience of access, or the need to remove snow and ice from parked cars, will not defeat the characterization of a lot as being fit for its intended purposes. [*Id*. at 430.]

This Court distinguished *Allison* in *Hadden v McDermitt Apartments, LLC*, 287 Mich App 124, 130; 782 NW2d 800 (2010), but ruled that the principles set forth in *Allison* apply to all common areas. In *Hadden*, the plaintiff used an exterior stairway consisting of approximately 12 steps to walk from her second floor apartment to her mailbox on the first floor. *Id*. The stairway was covered by a roof, but the plaintiff "noted the presence of snow on all the stairs of the stairway" and notified the defendant. *Id*. at 130-131. Despite the defendant's assurance that someone "would take care of it," the plaintiff slipped and fell the next time she used the stairway. *Id*. at 131. According to the plaintiff, she could not see the ice before she fell because "it was black ice and the stairway was too dark." *Id*. But as she fell, she "noticed that the gutters overhead were overflowing with water and icicles had formed." *Id*. This Court held that a material question of fact existed as to whether or not the exit way was fit for its intended use. *Id*. at 131-132. The *Hadden* Court explained:

> [T]he primary purpose of a stairway is to provide pedestrians reasonable access to different levels of a building or structure. Reasonable minds could conclude that the presence of black ice on a darkly lit, unsalted stairway—possibly caused or aggravated by overflowing ice water from overhead gutters in the presence of freezing rain—posed a hidden danger that denied tenants reasonable access to different levels of the apartment building and rendered the stairway unfit for its intended use. [*Id*. at 132.]

Furthermore, like in *Allison*, the Court held: "MCL 554.139(1)(a) does not require perfect maintenance of a stairway. The stairway need not be in an ideal condition, nor in the most accessible condition possible, but, rather, must provide tenants 'reasonable access' to different building levels." *Id*. at 130. Nonetheless, the Court determined that *Hadden* was "factually distinguishable from *Allison* because black ice on a stairway presents more than the [m]ere inconvenience posed by one to two inches of snow in a parking lot." *Id*. at 132 (quotation marks and citation omitted; alteration in original).

In this case, the area at issue is a sidewalk that leads to the parking lot area. It is undisputed by the parties that the sidewalk is a common area under MCL 554.139(1)(a). The sidewalk is controlled by defendant and is shared and used by all tenants to access the public parking area. See *Allison*, 481 Mich at 427-428. Because the sidewalk was a common area, defendant had a statutory duty to ensure that it was fit for the use intended. MCL 554.139(1)(a). A sidewalk's intended use is for walking on it and giving people reasonable access to the areas connected to the sidewalk. *Benton v Dart Props Inc*, 270 Mich App 437, 444; 715 NW2d 335 (2006). Plaintiff argues that the sidewalk was not fit for its intended use of walking because there was a patch of ice that caused her to slip and fall.

The patch of ice appeared at an unknown time before plaintiff slipped. Plaintiff argues that the sidewalk was shoveled but had not been salted and was not completely or entirely free of snow and ice. However, as the Court in *Hadden* stated, an ideal condition is not required and mere inconvenience of access is not enough to show an area is unfit for its purpose. See *Hadden*, 287 Mich App at 130. Plaintiff did not examine the conditions of the walkway immediately after her fall, but returned to take pictures of the icy condition the next day. Despite the poor quality of the photographs, they plainly show small patches of ice. From the evidence, the patch of ice did not preclude access to the sidewalk or prevent tenants from walking on it. At most, the patch of ice was a "mere inconvenience." See *Id*. On this record, reasonable minds could not differ in concluding that the sidewalk was fit for its intended use.

While defendant's duty to keep common areas fit for their intended use can potentially be triggered by the accumulation of snow and ice, "it would be triggered only under much more exigent circumstances . . . ." *Allison*, 481 Mich at 430. Although the *Allison* Court failed to define "exigent circumstances," we do not believe a small patch of visible, avoidable, and naturally-occurring ice qualifies. This is not a case, as in *Hadden*, where black ice was present on a darkly lit, unsalted stairway, possibly aggravated by overflowing ice water from overhead gutters. *Hadden*, 287 Mich App at 131. In this case, plaintiff testified that the sun was coming up as she was headed to her car, and she was able to watch where she was walking on the sidewalk to her car in the public parking lot. Summary disposition in defendant's favor was appropriate.

Finally, plaintiff argues that the trial court erred when it granted summary disposition in favor of defendant on plaintiff's MCPA claim. Plaintiff asserted that defendant violated the MCPA, in particular, MCL 445.903(1)(m) and (n), when it caused confusion and misunderstanding regarding her legal rights, obligations, and remedies pertaining to the leasing of property in defendant's complex. Defendant argues that plaintiff has not presented any record evidence to support a finding that there was any misunderstanding or confusion related to defendant's duties or obligations and that the sections of the MCPA relied on by plaintiff are not relevant to the facts of this case.

The sections of the MCPA cited by plaintiff, MCL 445.903(1)(m) and (n), provide:

(1) Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and are defined as follows:

\* \* \*

(m) Causing a probability of confusion or of misunderstanding with respect to the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction.

(n) Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

Our review of the record reveals that defendant always maintained that it was responsible for maintenance of the common sidewalks. Defendant communicated that to plaintiff both in a communication from defendant's agent, Cheryl Waltman, and also in the House Rules and

Regulations appended to plaintiff's lease and executed by plaintiff. Moreover, plaintiff has not alleged that any confusion caused by these or other communications from defendant resulted in a failure by defendant that amounted to proximate cause of her alleged injuries. A reasonable factfinder could not find that defendant engaged in any alleged representation that caused plaintiff confusion regarding her legal rights under the plain language of either MCL 445.903(1)(m) or (n). The trial court properly granted summary disposition in favor of defendant on this issue.

We conclude that the trial court properly granted summary disposition in favor of defendant on all counts because plaintiff failed to present evidence sufficient to create a genuine issue of material fact with regard to her claims.

Affirmed.

/s/ Anica Letica
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra